1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-1832-CRB
                                       )
21  This document relates to           )
                                       )  **PFIZER INC., PHARMACIA
22  JAMES GRAHAM and BRUCE             )  CORPORATION, AND G.D.
    WORTHINGTON,                       )  SEARLE LLC'S ANSWER TO
                                       )  COMPLAINT**
23             Plaintiffs,             )
                                       )  **JURY DEMAND ENDORSED
24        vs.                          )  HEREIN**
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION, )
    G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), )
26  and DOES 1 through 100,            )
                                       )
27             Defendants.            )
                                       )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **PRELIMINARY STATEMENT**

7        The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

8    Bextra® (valdecoxib) ("Bextra®") and Celebrex® (celecoxib) ("Celebrex®").   Accordingly,

9    this Answer can only be drafted generally.  Defendants may seek leave to amend this Answer

10   when discovery reveals the specific time periods in which Plaintiffs were prescribed and used

11   Bextra® and Celebrex®.

12   **II.**

13   **ANSWER**

14       Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16   that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

18   the United States to be prescribed by healthcare providers who are by law authorized to

19   prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

20   certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle,

21   which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

22   United States to be prescribed by healthcare providers who are by law authorized to prescribe

23   drugs in accordance with their approval by the FDA.  Defendants state that Bextra® and

24   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

25   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

26   were and are adequately described in their FDA-approved prescribing information, which was

27   at all times adequate and comported with applicable standards of care and law.  Defendants

28   deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiffs' used Celebrex®, and, therefore, deny the same.  Defendants deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® and Celebrex® in the United States, including

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States, including Indiana and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the remaining allegations in this paragraph of the Complaint.

8.      Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

9.      Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.

10.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    12.    Defendants state that the allegations in this paragraph of the Complaint regarding

2    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

3    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

4    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5    <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

6    13.    Defendants are without knowledge or information to form a belief as to the truth of the

7    allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

8    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

9    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

10    interests and costs.

11    14.    Defendants are without knowledge or information to form a belief as to the truth of the

12    allegations in this paragraph of the Complaint regarding the judicial district in which the

13    asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Bextra®

14    and Celebrex® were and are safe and effective when used in accordance with their FDA-

15    approved prescribing information.  Defendants deny committing a tort in the States of Indiana

16    or California and deny the remaining allegations in this paragraph of the Complaint.

17    15.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18    and co-promoted Bextra® and Celebrex® in the United States, including California, to be

19    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

20    with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

21    and Celebrex® were manufactured   and packaged for Searle, which developed, tested,

22    marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be

23    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

24    with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are

25    registered to and do business in the State of California.  Defendants state that the allegations in

26    this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.

27    Defendants are without knowledge or information sufficient to form a belief as to the truth of

28    such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

States of Indiana and California, and deny the remaining allegations in this paragraph of the Complaint.

10.    Answering the second Paragraph 10 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.

11.    Answering the second Paragraph 11 of the Complaint, Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

12.    Answering the second Paragraph 12 of the Complaint, Defendants deny the allegations in this paragraph of the Complaint.

13.    Answering the second Paragraph 13 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

14.    Answering the second Paragraph 14 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants deny committing a tort in the States of Indiana or California and deny the remaining allegations in this paragraph of the Complaint.

15.    Answering the second Paragraph 15 of the Complaint, Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the State of California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the States of Indiana and California, and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

1  used in accordance with their FDA-approved prescribing information.  Defendants state that the

2  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

3  approved prescribing information, which was at all times adequate and comported with

4  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

5  Bextra® or Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs injury

6  or damage, and deny the remaining allegations in this paragraph of the Complaint.

7  22.      Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

8  Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

9  Complaint.

10  23.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

17  paragraph of the Complaint.

18  24.      Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20  Bextra® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and

21  are safe and effective when used in accordance with their FDA-approved prescribing

22  information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are

23  adequately described in their FDA-approved prescribing information, which was at all times

24  adequate and comported with applicable standards of care and law.  Defendants deny any

25  wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and

26  deny the remaining allegations in this paragraph of the Complaint.

27  25.      Defendants state that the referenced article speaks for itself and respectfully refer the

28  Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that the referenced FDA Updates speak for themselves and respectfully refer the Court to the FDA Updates for their actual language and text.   Any attempt to characterize the FDA Updates is denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

2    on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

3    characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

4    2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

5    and respectfully refer the Court to the study for its actual language and text.  Any attempt to

6    characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

7    the Complaint.

8    31.    Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11   32.    Defendants state that the referenced study speaks for itself and respectfully refer the

12   Court to the study for its actual language and text.  Any attempt to characterize the study is

13   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

14   paragraph of the Complaint.

15   33.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

16   the Court to the Medical Officer Review for its actual language and text.  Any attempt to

17   characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

18   deny the remaining allegations in this paragraph of the Complaint.

19   34.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

20   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

21   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

22   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23   35.    Defendants state that the referenced articles speak for themselves and respectfully refer

24   the Court to the articles for their actual language and text.  Any attempt to characterize the

25   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

26   refer the Court to the study for its actual language and text.  Any attempt to characterize the

27   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28   36.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Court to the article for its actual language and text.  Any attempt to characterize the article is

2    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    37.    Defendants state that the referenced articles speak for themselves and respectfully refer

5    the Court to the articles for their actual language and text.  Any attempt to characterize the

6    articles is denied.  Defendants deny the remaining allegations in this paragraph of the

7    Complaint.

8    38.    Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10   denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

11   Court to the study for its actual language and text.  Any attempt to characterize the study is

12   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13   39.    Defendants state that the referenced Medical Officer Review speaks for itself and

14   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

15   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

16   allegations in this paragraph of the Complaint.

17   40.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

18   Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information

19   sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

20   Defendants deny the remaining allegations in this paragraph of the Complaint.

21   41.    Defendants state that the referenced article speaks for itself and respectfully refer the

22   Court to the article for its actual language and text.  Any attempt to characterize the article is

23   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

24   paragraph of the Complaint.

25   42.    Defendants state that the referenced study speaks for itself and respectfully refer the

26   Court to the study for its actual language and text.  Any attempt to characterize the study is

27   denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

28   Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information

1    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    43.    Defendants admit that there was a clinical trial called APC. Defendants state that the

4    referenced article speaks for itself and respectfully refer the Court to the article for its actual

5    language and text. Any attempt to characterize the article is denied. Defendants deny the

6    remaining allegations in this paragraph of the Complaint.

7    44.    Defendants state that the referenced article speaks for itself and respectfully refer the

8    Court to the article for its actual language and text. Any attempt to characterize the article is

9    denied. Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

10    Monitoring Board" in this paragraph of the Complaint. Defendants lack knowledge or

11    information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

12    same. Defendants deny the remaining allegations in this paragraph of the Complaint.

13    45.    Defendants state that the referenced article speaks for itself and respectfully refer the

14    Court to the article for its actual language and text. Any attempt to characterize the article is

15    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

16    46.    Defendants deny the allegations in this paragraph of the Complaint.

17    47.    Defendants state that the referenced article speaks for itself and respectfully refer the

18    Court to the article for its actual language and text. Any attempt to characterize the article is

19    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

20    48.    Defendants state that the referenced article speaks for itself and respectfully refer the

21    Court to the article for its actual language and text. Any attempt to characterize the article is

22    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

23    49.    Defendants state that the referenced Medical Officer Review speaks for itself and

24    respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

25    attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

26    allegations in this paragraph of the Complaint.

27    50.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide

28    the proper context for the allegations concerning "other Celebrex trials" contained in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

1  paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a

2  belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in

3  this paragraph of the Complaint regarding the PreSAP study, Defendants state that the

4  referenced study speaks for itself and respectfully refer the Court to the study for its actual

5  language and text. Any attempt to characterize the study is denied. Defendants deny the

6  remaining allegations in this paragraph of the Complaint.

7  51.    Defendants state that the referenced article speaks for itself and respectfully refer the

8  Court to the article for its actual language and text. Any attempt to characterize the article is

9  denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

10  52.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

11  Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient

12  to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants

13  state that the referenced studies speak for themselves and respectfully refer the Court to the

14  studies for their actual language and text. Any attempt to characterize the studies is denied.

15  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  53.    Defendants state that the referenced Medical Officer Review speaks for itself and

17  respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

18  attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

19  allegations in this paragraph of the Complaint.

20  54.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

21  are not directed toward Defendants, and therefore no response is required. To the extent that a

22  response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

23  this paragraph of the Complaint regarding Vioxx®. Defendants lack knowledge or information

24  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

25  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

26  the study for its actual language and text. Any attempt to characterize the study is denied.

27  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  55.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

58.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    refer the Court to the article for its actual language and text.  Any attempt to characterize the

2    article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3    60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

8    paragraph of the Complaint.

9    61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

14   paragraph of the Complaint.

15   62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Celebrex® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

20   paragraph of the Complaint.

21   63.    Defendants deny any wrongful conduct and deny the remaining allegations contained in

22   this paragraph of the Complaint.

23   64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

28   paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    65.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3    Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

4    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

5    prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

6    were and are adequately described in their FDA-approved prescribing information, which was

7    at all times adequate and comported with applicable standards of care and law.  Defendants

8    deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

9    and deny the remaining allegations in this paragraph of the Complaint.

10    66.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

11    Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

12    November 14, 2000.  Defendants state that the referenced letters speak for themselves and

13    respectfully refer the Court to the letters for their actual language and text.  Any attempt to

14    characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

15    of the Complaint.

16    67.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

17    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

18    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

19    Defendants deny the remaining allegations in this paragraph of the Complaint.

20    68.    Defendants state that the referenced article speaks for itself and respectfully refer the

21    Court to the article for its actual language and text.  Any attempt to characterize the article is

22    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23    69.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

24    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

25    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

26    Defendants deny the remaining allegations in this paragraph of the Complaint.

27    70.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-17-

providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  dysmenorrhea.  Defendants state that Bextra® and Celebrex® were and are safe and effective

2  when used in accordance with their FDA-approved prescribing information.  Defendants state

3  that the potential effects of Bextra® and Celebrex® were and are adequately described in their

4  FDA-approved prescribing information, which was at all times adequate and comported with

5  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6  remaining allegations in this paragraph of the Complaint.

7  72.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

8  used in accordance with their FDA-approved prescribing information.  Defendants state that the

9  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

10  approved prescribing information, which at all times was adequate and comported with

11  applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding

12  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

13  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

14  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and

15  deny the allegations in this paragraph of the Complaint.

16  73.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

18  providers who are by law authorized to prescribe drugs in accordance with their approval by the

19  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

20  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

21  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

24  in accordance with their FDA-approved prescribing information.  Defendants state that the

25  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

74.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.    Defendants deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny the allegations in this paragraph of the Complaint.

78.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

4  remaining allegations in this paragraph of the Complaint.

5  79.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  80.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15  Bextra® and Celebrex® and, therefore, deny the same.   Defendants deny any wrongful

16  conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the

17  remaining allegations in this paragraph of the Complaint.

18  81.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

19  used in accordance with their FDA-approved prescribing information.  Defendants state that the

20  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

23  Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

24  the Complaint.

25  82.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

26  used in accordance with their FDA-approved prescribing information.  Defendants state that the

27  potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

28  approved prescribing information, which was at all times adequate and comported with

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-21-

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    83.    Defendants state that the referenced study speaks for itself and respectfully refer the

4    Court to the study for its actual language and text.  Any attempt to characterize the study is

5    denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when

6    used in accordance with their FDA-approved prescribing information.  Defendants state that the

7    potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11   84.    Defendants deny any wrongful conduct and deny the remaining allegations in this

12   paragraph of the Complaint.

13   85.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

16   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

17   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

18   are and were adequately described in their FDA-approved prescribing information, which was

19   at all times adequate and comported with applicable standards of care and law.  Defendants

20   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

21   Complaint.

22   86.    Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he

23   mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily

24   through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in

25   humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendants state that

26   Bextra® was and is safe and effective when used in accordance with its FDA-approved

27   prescribing information.  Plaintiffs do not allege that Plaintiffs used Celebrex® in this

28   Complaint.  Nevertheless, Defendants state that Celebrex® was and is safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-22-

1   used in accordance with its FDA-approved prescribing information.  Defendants state that

2   Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

3   Complaint regarding Vioxx®, aspirin, and ibuprofen.  Defendants therefore lack knowledge or

4   information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

5   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6   87.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

7   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

8   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

9   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during

10  certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

11  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

12  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

13  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

14  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

15  providers who are by law authorized to prescribe drugs in accordance with their approval by the

16  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

18  this paragraph of the Complaint.

19  88.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

20  steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that, as stated in the FDA-

21  approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

22  prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

23  therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

24  (COX-1)."  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  89.     Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   90.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4   used in accordance with their FDA-approved prescribing information.  Defendants state that the

5   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6   approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8   remaining allegations in this paragraph of the Complaint.

9   91.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

11  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

13  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

14  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  state that the potential effects of Bextra® was and is adequately described in its FDA-approved

18  prescribing information, which was at all times adequate and comported with applicable

19  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

20  Complaint.

21  92.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  93.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.  Any attempt to characterize the studies is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

96.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their

approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

99.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

100.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 remaining allegations in this paragraph of the Complaint.

2 101.    Defendants state that this paragraph of the Complaint contains legal contentions to

3 which no response is required.  To the extent that a response is deemed required, Defendants

4 admit that they had duties as are imposed by law but deny having breached such duties.

5 Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

6 accordance with their FDA-approved prescribing information.  Defendants state that the

7 potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

8 approved prescribing information, which was at all times adequate and comported with

9 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

10 remaining allegations in this paragraph of the Complaint.

11 102.    Defendants are without knowledge or information sufficient to form a belief as to the

12 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13 Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

14 Celebrex® were and are safe and effective when used in accordance with their FDA-approved

15 prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

16 were and are adequately described in their FDA-approved prescribing information, which was

17 at all times adequate and comported with applicable standards of care and law.  Defendants

18 deny any wrongful conduct and deny the remaining allegations in this paragraph of the

19 Complaint, including all subparts.

20 103.    Defendants are without knowledge or information sufficient to form a belief as to the

21 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22 Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

23 Celebrex® were and are safe and effective when used in accordance with their FDA-approved

24 prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

25 were and are adequately described in their FDA-approved prescribing information, which was

26 at all times adequate and comported with applicable standards of care and law.  Defendants

27 deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

28 and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

104.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiffs used Bextra® and Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Second Cause of Action: Strict Liability</u>**

109.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint as if fully set forth herein.

2    110.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

4    Bextra® and Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain

5    periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

6    the United States to be prescribed by healthcare providers who are by law authorized to

7    prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

8    certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

10    United States to be prescribed by healthcare providers who are by law authorized to prescribe

11    drugs in accordance with their approval by the FDA.  Defendants state that, in the ordinary

12    case, Bextra® and Celebrex® was expected to reach users and consumers without substantial

13    change from the time of sale.  Defendants deny the remaining allegations in this paragraph of

14    the Complaint.

15    111.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

16    used in accordance with their FDA-approved prescribing information.  Defendants state that the

17    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18    approved prescribing information, which was at all times adequate and comported with

19    applicable standards of care and law.   Defendants deny the remaining allegations in this

20    paragraph of the Complaint.

21    112.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

22    used in accordance with their FDA-approved prescribing information.  Defendants state that the

23    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law.  Defendants deny that Bextra® or Celebrex® is defective

26    or unreasonably dangerous and deny the remaining allegations in this paragraph of the

27    Complaint.

28    113.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  used in accordance with their FDA-approved prescribing information.  Defendants state that the

2  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

3  approved prescribing information, which was at all times adequate and comported with

4  applicable standards of care and law.  Defendants deny that Bextra® and Celebrex® are

5  defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the

6  Complaint, including all subparts.

7  114.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

9  Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

10  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

11  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

12  were and are adequately described in their FDA-approved prescribing information, which was

13  at all times adequate and comported with applicable standards of care and law.  Defendants

14  deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, deny that Bextra®

15  or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

16  paragraph of the Complaint.

17  115.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

18  used in accordance with their FDA-approved prescribing information.  Defendants state that the

19  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

22  Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

23  the Complaint.

24  116.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26  Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

27  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

28  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and

2    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

3    prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

4    were and are adequately described in their FDA-approved prescribing information, which was

5    at all times adequate and comported with applicable standards of care and law. Defendants

6    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

7    Complaint.

8    121.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

9    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

10    Complaint.

11    122.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

12    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

13    Complaint.

14    123.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

15    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

16    Complaint.

17    **Response to Third Cause of Action: Breach of Express Warranty**

18    124.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

19    Complaint as if fully set forth herein.

20    125.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22    Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Bextra® and

23    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

24    prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

25    were and are adequately described in their FDA-approved prescribing information, which was

26    at all times adequate and comported with applicable standards of care and law. Defendants

27    admit that they provided FDA-approved prescribing information regarding Bextra® and

28    Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

126.     Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

127.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

128.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2   Complaint.

3   131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

5   providers who are by law authorized to prescribe drugs in accordance with their approval by the

6   FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

7   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

8   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

9   providers who are by law authorized to prescribe drugs in accordance with their approval by the

10  FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  132.    Defendants admit that they provided FDA-approved prescribing information regarding

12  Bextra® and Celebrex®.   Defendants deny any wrongful conduct and deny the remaining

13  allegations in this paragraph of the Complaint.

14  133.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

15  used in accordance with their FDA-approved prescribing information.  Defendants state that the

16  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  134.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

21  used in accordance with their FDA-approved prescribing information.  Defendants state that the

22  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25  remaining allegations in this paragraph of the Complaint.

26  135.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28  Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that the potential

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved

2    prescribing information, which was at all times adequate and comported with applicable

3    standards of care and law.  Defendants admit that they provided FDA-approved prescribing

4    information regarding Bextra® and Celebrex®.  Defendants deny the remaining allegations in

5    this paragraph of the Complaint.

6    136.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

7    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

8    Complaint.

9    137.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

10   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

11   Complaint.

12   138.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

13   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

14   Complaint.

15            **Response to Fourth Cause of Action: Breach of Implied Warranty**

16   139.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17   Complaint as if fully set forth herein.

18   140.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19   and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

20   providers who are by law authorized to prescribe drugs in accordance with their approval by the

21   FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

22   manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

23   distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

24   providers who are by law authorized to prescribe drugs in accordance with their approval by the

25   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26   141.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

27   used in accordance with their FDA-approved prescribing information.  Defendants state that the

28   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

1    and older.  Defendants admit, as indicated in the package insert approved by the FDA, that

2    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

3    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

4    the remaining allegations in this paragraph of the Complaint.

5    145.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7    Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

8    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

9    prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

10   were and are adequately described in their FDA-approved prescribing information, which was

11   at all times adequate and comported with applicable standards of care and law.  Defendants

12   admit that they provided FDA-approved prescribing information regarding Bextra® and

13   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14   146.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

17   case, Bextra® and Celebrex® was expected to reach users and consumers without substantial

18   change from the time of sale.  Defendants deny the remaining allegations in this paragraph of

19   the Complaint.

20   147.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

23   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

24   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

25   were and are adequately described in their FDA-approved prescribing information, which was

26   at all times adequate and comported with applicable standards of care and law.  Defendants

27   deny any wrongful conduct, deny that they breached any warranty, and deny the remaining

28   allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

148.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

149.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

150.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

151.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

152.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   used in accordance with their FDA-approved prescribing information.  Defendants state that the

2   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

5   remaining allegations in this paragraph of the Complaint.

6   155.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

7   used in accordance with their FDA-approved prescribing information.  Defendants state that the

8   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

12  156.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

13  used in accordance with their FDA-approved prescribing information.  Defendants state that the

14  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17  remaining allegations in this paragraph of the Complaint.

18  157.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20  Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

21  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

22  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

23  were and are adequately described in their FDA-approved prescribing information, which was

24  at all times adequate and comported with applicable standards of care and law.  Defendants

25  deny any wrongful conduct, deny that Bextra® and Celebrex® is defective or unreasonably

26  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

27  158.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

28  used in accordance with their FDA-approved prescribing information.  Defendants state that the

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-
2    approved prescribing information, which was at all times adequate and comported with
3    applicable standards of care and law. Defendants deny any wrongful conduct and deny the
4    remaining allegations in this paragraph of the Complaint.

5    159.    Defendants are without knowledge or information sufficient to form a belief as to the
6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
7    Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and
8    Celebrex® were and are safe and effective when used in accordance with their FDA-approved
9    prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®
10   were and are adequately described in their FDA-approved prescribing information, which was
11   at all times adequate and comported with applicable standards of care and law. Defendants
12   deny any wrongful conduct and deny the remaining allegations in this paragraph of the
13   Complaint.

14   160.    Defendants are without knowledge or information sufficient to form a belief as to the
15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
16   Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and
17   Celebrex® were and are safe and effective when used in accordance with their FDA-approved
18   prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®
19   were and are adequately described in their FDA-approved prescribing information, which was
20   at all times adequate and comported with applicable standards of care and law. Defendants
21   deny any wrongful conduct and deny the remaining allegations in this paragraph of the
22   Complaint.

23   161.    Defendants are without knowledge or information sufficient to form a belief as to the
24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
25   Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and
26   Celebrex® were and are safe and effective when used in accordance with their FDA-approved
27   prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®
28   were and are adequately described in their FDA-approved prescribing information, which was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  at all times adequate and comported with applicable standards of care and law.  Defendants

2  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

3  Complaint.

4  162.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6  Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

7  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

8  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

9  were and are adequately described in their FDA-approved prescribing information, which was

10  at all times adequate and comported with applicable standards of care and law.  Defendants

11  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

12  Complaint.

13  163.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15  Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

16  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

17  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

18  were and are adequately described in their FDA-approved prescribing information, which was

19  at all times adequate and comported with applicable standards of care and law.  Defendants

20  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

21  Complaint.

22  164.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24  Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

25  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

26  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

27  were and are adequately described in their FDA-approved prescribing information, which was

28  at all times adequate and comported with applicable standards of care and law.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

1   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2   Complaint.

3   165.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

4   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

5   Complaint.

6   166.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

7   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

8   Complaint.

9   167.   Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

10  Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

11  Complaint.

12              **Response to Sixth Cause of Action: Unjust Enrichment**

13  168.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

14  Complaint as if fully set forth herein.

15  169.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

17  providers who are by law authorized to prescribe drugs in accordance with their approval by the

18  FDA.   Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

19  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

20  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  170.   Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

25  Bextra® and Celebrex® and, therefore, deny the same.   Defendants deny the remaining

26  allegations in this paragraph of the Complaint.

27  171.   Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

1    Bextra® and Celebrex® and, therefore, deny the same.  Defendants deny the remaining

2    allegations in this paragraph of the Complaint.

3    172.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

6    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

7    prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

8    were and are adequately described in their FDA-approved prescribing information, which was

9    at all times adequate and comported with applicable standards of care and law.  Defendants

10   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

11   Complaint.

12   173.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

14   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

15   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

16   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

17   were and are adequately described in their FDA-approved prescribing information, which was

18   at all times adequate and comported with applicable standards of care and law.  Defendants

19   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

20   Complaint.

21   174.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

22   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

23   Complaint.

24                     **Response to Seventh Cause of Action:**

25        **Violations of State Consumer Fraud and Deceptive Trade Practices Acts**

26   175.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

27   Complaint as if fully set forth herein.

28   176.    Defendants state that this paragraph of the Complaint contains legal contentions to

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

177.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

178.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

179.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex® and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

180.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    prescribing information.  Defendants state that the potential effects of Celebrex® were and are

2    adequately described in their FDA-approved prescribing information, which was at all times

3    adequate and comported with applicable standards of care and law.  Defendants deny any

4    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

5    181.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is required.  To the extent that a response is deemed required, Defendants

7    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

8    Complaint.

9    182.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

10   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

11   Complaint.

12   183.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

13   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

14   Complaint.

15   184.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

16   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

17   Complaint.

18   185.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

19   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

20   Complaint.

21   186.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

22   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

23   Complaint.

24                       **<u>Response to Prayer For Relief</u>**

25          Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

26   Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint

27   headed "Prayer for Relief," including all subparts.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## III.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

## First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

2.    Bextra® and Celebrex® are prescription medical products. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® and Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

## Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drugs in accordance with generally recognized and prevailing standards in existence at the time.

## Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drugs were manufactured, marketed and distributed.

-46-

**Fifth Defense**

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

**Sixth Defense**

6.      Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra® or Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-47-

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® and Celebrex® are prescription medical products, available only on the order of a licensed physician. Bextra® and Celebrex® provided adequate warnings to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The products at issue were not in a defective condition or unreasonably dangerous at the time they left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe and reasonably fit for their intended use and the warnings and instructions accompanying Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for their approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® and Celebrex® allegedly ingested by Plaintiffs were prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the products Bextra® and Celebrex® after the products left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra® and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

2                                         **Twentieth Defense**

3    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

4    preempted in accordance with the Supremacy Clause of the United States Constitution and by

5    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

6                                       **Twenty-first Defense**

7    21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

8    the subject pharmaceutical products at issue were subject to and received pre-market approval

9    by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

10                                     **Twenty-second Defense**

11   22.    The manufacture, distribution and sale of the pharmaceutical products referred to in

12   Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

13   and Plaintiffs' causes of action are preempted.

14                                      **Twenty-third Defense**

15   23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

16   jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at

17   issue under applicable federal laws, regulations, and rules.

18                                     **Twenty-fourth Defense**

19   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

20   action concerning matters regulated by the Food and Drug Administration under applicable

21   federal laws, regulations, and rules.

22                                      **Twenty-fifth Defense**

23   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

24   "direction or warnings" as to the use of the subject pharmaceutical products within the meaning

25   of Comment j to Section 402A of the Restatement (Second) of Torts.

26                                      **Twenty-sixth Defense**

27   26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

28   because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    ambit of Restatement (Second) of Torts § 402A, Comment k.

2    **Twenty-seventh Defense**

3    27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

4    products at issue "provide[] net benefits for a class of patients" within the meaning of Comment

5    f to § 6 of the Restatement (Third) of Torts: Products Liability.

6    **Twenty-eighth Defense**

7    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

8    Products Liability.

9    **Twenty-ninth Defense**

10    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

11    plead facts sufficient under the law to justify an award of punitive damages.

12    **Thirtieth Defense**

13    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

14    would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

15    the United States Constitution and the Constitutions of the States of Indiana and California, and

16    would additionally violate Defendants' rights to substantive due process under the Fourteenth

17    Amendment of the United States Constitution.

18    **Thirty-first Defense**

19    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

20    Fourteenth Amendments to the United States Constitution.

21    **Thirty-second Defense**

22    32.    The imposition of punitive damages in this case would violate the First Amendment to

23    the United States Constitution.

24    **Thirty-third Defense**

25    33.    Plaintiffs' punitive damage claims are preempted by federal law.

26    **Thirty-fourth Defense**

27    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

28    representation, this action is barred as there was no reliance upon representations, if any, of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants.

### Thirty-fifth Defense

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States Indiana and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the products' use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® and Celebrex® were designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose for which they were intended, and were distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-third Defense**

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the products complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiffs would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra® and Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported

1   cause of action contained therein is barred by the statutes of limitations contained in California

2   Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of

3   limitation as may apply.

### Fifty-sixth Defense

5   56.    Defendants state on information and belief that any injuries, losses, or damages

6   suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other

7   actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery

8   against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

10  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

11  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

12  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

13  damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

15  58.    Plaintiffs' claims are barred and/or limited by the provisions of the Indiana Products

16  Liability Act, I.C. 34-20-1-1 et seq.

### Fifty-ninth Defense

18  59.    Plaintiffs' damages, if any, are barred or limited by the payments received from

19  collateral sources, and the provisions of I.C. 34-44-1-1.

### Sixtieth Defense

21  60.    Defendants assert all affirmative defenses applicable under the Indiana Products

22  Liability Act, I.C. 34-20-1-1 et seq., and all amendments thereto.

### Sixty-first Defense

24  61.    Plaintiffs' alleged injuries/damages, if any, were the result of unforeseeable alterations,

25  improper handling, or other unforeseeable misuse of the products Bextra® and Celebrex® by

26  persons other than Defendants or persons acting on its behalf and any liability of Defendants is

27  therefore barred.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixty-second Defense

62.      Plaintiffs' fraud based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure and/or Trial Rule 9(B) of the Indiana Rules of Trial Procedure.

### Sixty-third Defense

63.      Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to Plaintiffs, and to nonparties as provided by Indiana code 34-51-2-1 et seq.

### Sixty-fourth Defense

64.      Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendants be awarded their costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.      That Defendants have such other and further relief as the Court deems appropriate.

1    May 15, 2008                                    GORDON & REES LLP

2

3                                                    By: : _____/s/_____
4                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
                                                         Embarcadero Center West
5                                                        275 Battery Street, 20th Floor
                                                         San Francisco, CA 94111
6                                                        Telephone:  (415) 986-5900
                                                         Fax:  (415) 986-8054
7

8    May 15, 2008                                    TUCKER ELLIS & WEST LLP

9

10                                                   By: : _____/s/_____
                                                         Michael C. Zellers
11                                                       michael.zellers@tuckerellis.com
                                                         515 South Flower Street, Suite 4200
12                                                       Los Angeles, CA 90071
                                                         Telephone:  (213) 430-3400
13                                                       Fax:  (213) 430-3409

14                                                       Attorneys for Defendants
                                                         PFIZER INC., PHARMACIA
15                                                       CORPORATION, and G.D. SEARLE
                                                         LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-1832-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  May 15, 2008                                    GORDON & REES LLP

6

7                                                  By: :_____/s/_____
                                                      Stuart M. Gordon
8                                                     sgordon@gordonrees.com
                                                      Embarcadero Center West
9                                                     275 Battery Street, 20th Floor
                                                      San Francisco, CA  94111
10                                                    Telephone:  (415) 986-5900
                                                      Fax:  (415) 986-8054
11

12  May 15, 2008                                   TUCKER ELLIS & WEST LLP

13

14                                                 By: :_____/s/_____
                                                      Michael C. Zellers
15                                                    michael.zellers@tuckerellis.com
                                                      515 South Flower Street, Suite 4200
16                                                    Los Angeles, CA 90071
                                                      Telephone:  (213) 430-3400
17                                                    Fax:  (213) 430-3409

18                                                    Attorneys for Defendants
                                                      PFIZER INC., PHARMACIA
19                                                    CORPORATION, and G.D. SEARLE
                                                      LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111